**MEI ZHU ZHENG, Petitioner,**

v.

**US DEPARTMENT OF JUSTICE, Attorney General, & Immigration and Naturalization Service, Respondents.**

No. 06–0484–ag.

United States Court of Appeals, Second Circuit.

Dec. 5, 2006.

Mei Zhu Zheng, pro se, New York, New York, for Petitioner.

Michael J. Garcia, United States Attorney for the Southern District of New York, John P. Cronan, Sara L. Shudofsky, Assistant United States Attorneys, New York, New York, for Respondent.

PRESENT: Hon. CHESTER J. STRAUB, Hon. ROBERT D. SACK, Hon. B.D. PARKER, Circuit Judges.

## SUMMARY ORDER

Petitioner Mei Zhu Zheng, a citizen of the People's Republic of China, seeks review of a January 18, 2006 order of the BIA denying her motion to reopen. *In re Mei Ju Zheng,* No. A72 292 202 (B.I.A. Jan. 18, 2006). We assume the parties' familiarity with the underlying facts and procedural history of the case.

We review the BIA's denial of a motion to reopen or reconsider for abuse of discretion. *See Jin Ming Liu v. Gonzales,* 439 F.3d 109, 111 (2d Cir.2006) (per curiam). An abuse of discretion may be found where the BIA's decision "provides no rational explanation, inexplicably departs from established policies, is devoid of any reasoning, or contains only summary or conclusory statements; that is to say, where the Board has acted in an arbitrary or capricious manner." *Kaur v. BIA,* 413 F.3d 232, 233–34 (2d Cir.2005) (per curiam).

Here, inasmuch as the BIA construed Zheng's motion to reopen as an adjustment of status claim, it did not abuse its discretion in denying the motion insofar as Zheng merely repeated arguments that the BIA had already rejected. *See Jin Ming Liu,* 439 F.3d at 111. However, the BIA did abuse its discretion in failing to acknowledge Zheng's asylum and withholding claims, which were based on the birth of her second child in the United States. We have recently remanded to the BIA to determine whether there is an official policy of coercive family planning in Changle City or Fujian Province in China where we took cognizance of:

2003 decisions of the Changle City Family–Planning Administration and the Fujian Province Department of Family–Planning Administration, both of which indicated that parents of children born abroad are subject to the same family-planning policies as parents of native-born children, as well as a 1999 document entitled "Q & A for Changle City Family–Planning Information Handbook" issued by the Changle City family-planning authorities, which states that forced sterilization is mandated for parents of two or more children.

*Jin Xiu Chen v. U.S. Dep't of Justice,* 468 F.3d 109, 110 (2d Cir.2006) (per curiam). The family-planning documents referenced in *Jin Xiu Chen* may provide evidence of a change in country conditions that would render Zheng eligible for an exception to the filing requirements of motions to reopen. Accordingly, we remand the case to the BIA so that it may consider her asylum claim based on two U.S.-born children in light of this Court's holding in *Chen.*

For the foregoing reasons the petition for review is DENIED with respect to Zheng's adjustment of status claim, GRANTED with respect to her asylum and withholding of removal claims insofar as they relate to her two U.S.-born children, the BIA's order is VACATED in

part, and the case is REMANDED for further proceedings. Having completed our review, the pending motion for a stay of removal in this petition is DENIED.